**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAMUEL GUERRERO VERDEJA, | Nos.  13-72958 |
| | 14-70397 |
| Petitioner, | |
| | Agency No. A046-615-804 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:     LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Samuel Guerrero Verdeja, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for relief under the

Convention Against Torture ("CAT") (No. 13-72958), and of the BIA's order

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes these cases are suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Thus, we deny Guerrero
Verdeja's request for oral argument.

denying his motion to reopen removal proceedings (No. 14-70397). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and review for abuse of discretion the denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petitions for review.

As to petition No. 13-72958, substantial evidence supports the agency's dispositive finding that, even if Guerrero Verdeja was credible, he failed to establish it is more likely than not he would be tortured if returned to Mexico. *See Silaya*, 524 F.3d at 1073. We reject Guerrero Verdeja's contentions that the BIA failed to consider relevant evidence or sufficiently consider his claim. *See Najmabadi*, 597 F.3d at 990 (BIA adequately considered evidence and sufficiently announced its decision). Thus, Guerrero Verdeja's CAT claim fails.

As to petition No. 14-70397, the BIA did not abuse its discretion in denying Guerrero Verdeja's motion to reopen because his new evidence did not address the agency's conclusion that he failed to establish it is more likely than not he would be tortured in Mexico. *See id.* at 986 (the court "defer[s] to the BIA's exercise of discretion unless it acted arbitrarily, irrationally, or contrary to law"). We reject Guerrero Verdeja's contention that the BIA erred by not addressing his arguments based on this court's decision in *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir.

2013).  *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.") (internal quotation and citation omitted).

**PETITIONS FOR REVIEW DENIED.**